UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH ALLEN WILSON,<br><br>        Petitioner,<br><br>   v.<br><br>UNKNOWN,<br><br>        Respondent. | No. 1:25-cv-00648 JLT EPG (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO CLOSE CASE, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY<br><br>(Doc. 8) |

Joseph Allen Wilson is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 10, 2025, the magistrate judge issued findings and recommendations recommending that the petition for writ of habeas corpus be dismissed as an unauthorized successive petition. (Doc. 8.) On July 21, 2025, Petitioner filed timely objections. (Doc. 9.)

According to 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including Petitioner's objections, the Court holds the findings and recommendations to be supported by the record and proper analysis. As the magistrate judge explained, to the extent Petitioner is raising new grounds not previously included in a prior petition, it is the Ninth Circuit, not this Court, that must determine if one of the exceptions to the bar against second or successive petitions applies.  (*See* Doc. 8 at 2.)

1    Having found that Petitioner is not entitled to habeas relief, the Court now turns to
2    whether a certificate of appealability should issue. A petitioner seeking a writ of habeas corpus
3    has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only
4    allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); 28 U.S.C.
5    § 2253. Where, as here, the Court denies habeas relief on procedural grounds without reaching
6    the underlying constitutional claims, the Court should issue a certificate of appealability "if jurists
7    of reason would find it debatable whether the petition states a valid claim of the denial of a
8    constitutional right and that jurists of reason would find it debatable whether the district court was
9    correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain
10   procedural bar is present and the district court is correct to invoke it to dispose of the case, a
11   reasonable jurist could not conclude either that the district court erred in dismissing the petition or
12   that the petitioner should be allowed to proceed further." *Id.*
13   In the present case, the Court finds that reasonable jurists would not find the Court's
14   determination that the petition should be dismissed debatable or wrong, or that Petitioner should
15   be allowed to proceed further. Therefore, the Court declines to issue a certificate of appealability.
16   Accordingly, the Court **ORDERS**:
17       1. The findings and recommendations issued July 10, 2025 (Doc. 8) are **ADOPTED IN**
18          **FULL**.
19       2. The petition for writ of habeas corpus is **DISMISSED**.
20       3. The Clerk of Court is directed to **CLOSE THE CASE**.
21       4. The Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

   Dated:   **July 31, 2025**

   *[signature]*
   UNITED STATES DISTRICT JUDGE

2